```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JEFFREY CARLSEN,              )
        Plaintiff,            )
                              )
        V.                    )   CIVIL ACTION NO. 11-11119-MLW
                              )
CARI CARLSEN,                 )
        Defendant.            )
```

MEMORANDUM AND ORDER FOR DISMISSAL

WOLF, D.J.                                              July 1, 2011

I.  INTRODUCTION

   A.  <u>Prior Litigation: Carlsen v. DiPaola, Civil Action No. 11-11100-RWZ</u>

   On June 13, 2011, plaintiff Jeffrey Carlsen ("Carlsen"), a prisoner in custody at the Billerica House of Correction in Billerica, Massachusetts, filed two self-prepared pleadings entitled *Ex Parte* Request for Federal Injunctive Relief seeking an immediate hearing. See <u>Carlsen v. DiPaola</u>, Civil Action No. 11-11100-RWZ. Carlsen alleged that his present incarceration was unlawful, and challenged his conviction in Massachusetts for violation of a New Hampshire Protective Order obtained by Cari Carlsen.

   B.  <u>The Instant Action</u>

   On the heels of that suit, on June 20, 2011, Carlsen filed the instant action requesting a criminal complaint issue against Cari Carlsen. He alleges that on May 9, 2007, Cari Carlsen knowingly provided false information to a police officer claiming abuse of her and her children. Carlsen claims that a week later, Cari

Carlsen provided false information to the New Hampshire Superior Court in Nashua, claiming abuse. He further contends that on May 22, 2007, she also knowingly provided false information to the Lowell District Court, again claiming abuse of her and her children. Next, Carlsen contends that Cari Carlsen committed acts of fraud by seeking a protective order in New Hampshire because New Hampshire was not the proper venue to seek such relief. Finally, Carlsen alleges a conspiracy to commit fraud (generally) as well as mail fraud against the United States, by providing the false information to the state court. As a result, Carlsen claims he was improperly sentenced and incarcerated. He seeks a criminal complaint against Cari Carlsen to answer for perjury, fraud, conspiracy, and mail fraud. Carlsen did not pay the filing fee for instituting an action in this court, nor did he seek a waiver thereof.

II. DISCUSSION

    A. <u>Screening Authority</u>

A district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. See <u>Mallard v. United States District Court</u>, 490 U.S. 296, 307-08 (1989)(courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous

2

actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case).[1]

A court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted. See Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision). Further, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction.[2]

II. A Private Citizen Cannot Bring a Criminal Action Against Another

Here, Carlsen cannot state a claim upon which relief may be

---

[1] See also Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, inter alia, Mallard, 490 U.S. at 307-308; Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); and Rolle v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider).

[2] See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

granted by this Court, and thus this action is frivolous as that term in used in legal parlance. This is because a private citizen, such as Carlsen, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990)(same).

Section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States." 28 U.S.C. § 547 (1). Thus, Carlsen does not have standing to bring a criminal action in federal court because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(*per curiam*)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).[3]

---

[3]This Court makes no determination as to whether Carlsen may request a criminal complaint issue from the state courts.

4

Accordingly, this action will be DISMISSED *sua sponte*.[4]

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is DISMISSED *sua sponte* in its entirety.

SO ORDERED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

---

[4] In light of the *sua sponte* dismissal of this action, the court need not resolve the filing fee issue.